THE HONORABLE TIMOTHY W. DORE
Hearing Date: October 7, 2020
Hearing Time: 9:30 a.m.
Hearing Location: Seattle (Telephonic)

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| IN RE:<br><br>EMILIE VILLA-IGNACIO PADIERNOS,<br><br>Debtor. | Chapter 13<br><br>Case No. 20-11939-TWD<br><br>OBJECTION TO CONFIRMATION OF AMENDED PLAN BY NORTHGATE WEST CONDOMINIUM ASSOCIATION |
|---|---|

COMES NOW Secured Creditor Northgate West Condominium Association, a Washington nonprofit corporation (the "Association"), by and through its attorneys, Strichartz Aspaas PLLC, and hereby objects to Debtor's proposed Amended Chapter 13 Plan filed September 30, 2020 (Dkt. #27) ("Plan") and asks that the Court deny confirmation and either dismiss the case or provide a limited time in which an amended plan be proposed, beyond which the case would be dismissed.

**I. Summary of Secured Claim by Association:**

(a) Proof of Claim (secured) for pre-petition statutory condominium association regular and special assessments, late fees, legal fees and costs, as provided under the

OBJECTION TO CONFIRMATION OF AMENDED
PLAN - 1

STRICHARTZ ASPAAS PLLC
2101 FOURTH AVENUE
SUITE 860
SEATTLE, WA 98121
206.388.0600; FAX 206.286-2650

governing Declaration of Condominium for the Association, in the amount of $4,707.90; Debtor has been in default on her obligations to the Association since October 1, 2018;

(b) Proof of Claim (secured) for unpaid post-petition statutory condominium association regular monthly assessments in the amount of $444.79, due on the first of each month, as detailed in the Association's Proof of Claim and, as permitted under 11 U.S.C. § 506(b), attendant attorney fees and costs for this objection;

(c) Claim for future monthly regular and any special assessments, secured as provided under the governing Declaration, in the current monthly amount of $444.79 for regular assessments due October 1, 2020, and the first of each month thereafter, which amounts may change if the Association's assessments as to all units in the condominium change based on the Association's periodic budget, as provided under the Washington Condominium Act, Ch. 64.34 RCW.

**II. Bases for Objections:**

The Association objects to the proposed Plan on the following bases:

1) Under 11 U.S.C. §§ 1325(a)(1) and 1322(b)(2), a plan cannot modify the rights of a holder of a claim secured only by an interest in real property that is the Debtor's personal residence. Here, under Plan § IV(A)(3)(c), Debtor in substance proposes to subordinate the Association's right to monthly payments on its pre-petition claim *and ongoing postpetition monthly assessments* to Debtor's attorney fees. Fees to Debtor's attorney should be paid concurrently with the monthly payments on the Association's pre-petition claim and ongoing postpetition claim.

2) The Plan improperly treats the Association's secured claim as a claim secured by non-residence real property under Plan § IV(C)(2): This proposed Plan treatment in substance amounts to subordination of the Association's secured prepetition and ongoing postpetition claims to both the prepetition and ongoing postpetition claims of another purported secured creditor. Under this improper Plan provision, the Association would see no payments whatsoever on its prepetition and ongoing postpetition claims unless and until the Trustee has distributed all funds then on hand to that other purported secured creditor for all prepetition and postpetition payments then due and provided for under the Plan.

OBJECTION TO CONFIRMATION OF AMENDED PLAN - 2

STRICHARTZ ASPAAS PLLC
2101 FOURTH AVENUE
SUITE 860
SEATTLE, WA 98121
206.388.0600; FAX 206.286-2650

Case 20-11939-TWD    Doc 30    Filed 10/01/20    Ent. 10/01/20 13:59:41    Pg. 2 of 5

The standard form language of Plan § IV (first unnumbered paragraph) provides that "the Trustee shall disburse funds received in the following order," notwithstanding the standard form language regarding "ranked" secured creditors under Plan § IV(C ), first unnumbered paragraph. There is no justifiable basis for discriminating against the Association's secured claim by improperly providing for it in the Plan as secured by non-residential real property. The Association's secured claim must instead be provided for under Plan § IV(C)(1) (claim secured by residence real property), <u>Ongoing Payments</u> and <u>Cure Payments</u>, respectively, and equally ranked with the payments to the other purported secured creditor.

3) To the extent the Plan is confirmed and the Debtor makes sporadic and/or insufficient Plan payments to the Trustee, such that there are only Trustee funds on hand to pay the other purported secured creditor, nothing proposed in the plan would ever result in any payment, much less payment in full, of the Association's prepetition claim. The Association also objects to such treatment to preserve its rights under its secured claim to the extent required under *United Student Aid Funds, Inc. v. Espinosa, 559* U.S. 260, 130 S.Ct. 1367 (2010). The Association respectfully requests that the Plan provisions objected to in the foregoing sections be stricken.

4) To the extent the Association's claim, or any part of it, is not fully provided for under the Plan and the Plan does not provide for surrender of the real property securing the Association's claim, the Association reserves its right to assert an administrative claim for expenses incurred by the Association for the benefit of the bankruptcy estate.

5) Should the Court uphold the Association's objection, the Association further requests that the Court dismiss the Debtor's Chapter 13 case, or set a schedule for requiring the Debtors to submit a feasible Chapter 13 Plan that includes the Association's claims as a secured claim pursuant to 11 U.S.C. § 506(a).

In support of this Objection, the Association states as follows:

### III. Background of Secured Claim:

1. Secured Creditor Northgate West Condominium Association is a nonprofit corporation duly organized pursuant to the Washington Condominium Act, Ch. 64.34, (hereinafter referred to as the "Condominium Act"), for the operation of Northgate West

OBJECTION TO CONFIRMATION OF AMENDED PLAN - 3

**STRICHARTZ ASPAAS PLLC**
2101 FOURTH AVENUE
SUITE 860
SEATTLE, WA 98121
206.388.0600; FAX 206.286-2650

Case 20-11939-TWD    Doc 30    Filed 10/01/20    Ent. 10/01/20 13:59:41    Pg. 3 of 5

Condominium (hereinafter referred to as the "Condominium"). The Association was created under the terms of the Declaration of Condominium recorded under King County, Washington Recording No. 8002200747, as thereafter amended of record (hereinafter referred to as the "Declaration"), and the Survey Map and Set of Plans recorded in Volume 227 of Condominiums at Pages 88 through 91, King County, State of Washington.

2. Debtor is the owner of Unit 118 of Northgate West Condominium (hereinafter referred to as the "Unit"), which real property is commonly known as 11300 – 1st Avenue NE, #118, Seattle, WA 98125.

3. As owner of a Unit in a condominium formed under the Condominium Act, Debtor is legally bound to abide by all provisions of the Condominium Act, as well as the Declaration.

4. Under the Condominium Act and the Declaration, the Association has the right and duty to levy assessments for a proportionate share of the Association's common expenses against Condominium unit owners, and each unit owner is obligated to pay such assessments.

5. The Association exists to secure, preserve, and enhance the value of the Condominium for the benefit of all Condominium owners, including the Debtor. Monthly assessments are levied in order to, among other things, pay insurance premiums on the master insurance policies on the Condominium, maintain and repair the Condominium property, and pay utility bills for common elements and commonly metered utilities for the Units. The Association's budget is prepared on the assumption that each owner will timely pay his or her assessments to the Association. In the event of non-payment by an owner, other owners must make up the difference through further assessments. The Association has no choice about providing Debtor's share of the services paid for by common expense assessments. Thus, the Association is an involuntary creditor in this case.

6. The regular monthly assessment levied by the Association against the Debtor and his Unit is currently $444.79 per month.

7. Pursuant to the Condominium Act, condominium assessments become an automatic, statutory lien on the property to secure the payment of such assessments; the Condominium Act further provides for the personal liability of each unit owner for assessments levied against his or her unit. RCW § 64.34.364(1),(12).

OBJECTION TO CONFIRMATION OF AMENDED PLAN - 4

STRICHARTZ ASPAAS PLLC
2101 FOURTH AVENUE
SUITE 860
SEATTLE, WA 98121
206.388.0600; FAX 206.286-2650

Case 20-11939-TWD    Doc 30    Filed 10/01/20    Ent. 10/01/20 13:59:41    Pg. 4 of 5

8. Pursuant to RCW 64.34.364(2), the Association's lien is not subject to the Debtor's state law homestead exemption.

## CONCLUSION

Accordingly, the Association objects to the proposed Plan and requests that the Court deny confirmation of the Plan. The Association requests that the Court either dismiss the Debtor's Chapter 13 case or, in the alternative, set a schedule (within 30 days) for the Debtor to submit a feasible Chapter 13 Plan which includes the Association's claims as a secured claim and payment in full thereon.

RESPECTFULLY SUBMITTED this _1_ day of October, 2020.

STRICHARTZ ASPAAS PLLC

Michael A. Padilla, WSBA No. 26284
Attorneys for Secured Creditor Northgate West
Condominium Association, a Washington
nonprofit corporation

OBJECTION TO CONFIRMATION OF AMENDED PLAN - 5

STRICHARTZ ASPAAS PLLC
2101 FOURTH AVENUE
SUITE 860
SEATTLE, WA 98121
206.388.0600; FAX 206.286-2650