| | |
|---|---|
| Erin Lane WSBA 42504<br>Washington Law Group, PLLC<br>2319 N 45th St Ste 215A<br>Seattle, WA 98103<br>Tel. 206.686.6054<br>Fax 206.400.7919 | Honorable Timothy Dore<br>Chapter 13<br>Hearing Date 8.16.23 9:30 am<br>Response Date 8.9.23<br>Location Seattle Rm 8106 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>Emilie Villa Ignacio Padiernos<br><br>Debtor. | Case No. 20-11939- TWD<br><br>Chapter: 13<br><br>DEBTOR'S MOTION FOR APPROVAL TO DISBURSE HOMEOWNER ASSISTANCE FUNDS (HAF) GRANT AND FOR WILFULL VIOLATIONS OF THE AUTOMATIC STAY AND FRBP 3002.1 |

## BASIS FOR MOTION

The Debtor, Emilie Villa Ignacio Padiernos, through her counsel, Erin Lane of The Washington Law Group, PLLC, hereby moves this Court to provide consent for her to enter into the Homeowner Assistance Fund Agreement, for this court to compel Northgate West Condominium Association to provide an explanation of the secured payoff amount with a clear payoff figure of the secured claim and special assessment provided within 7 days from entry of order and with invoices to support the amounts requested and attorney fees awarded to Debtor if this court deems appropriate for willful violations of the automatic stay under 11 U.S.C. § 362(k). In support of this motion the Debtor states the following:

1. The Homeowner Assistance Fund (HAF) was established under section 3206 of the

DEBTOR'S MOTION FOR APPROVAL TO
DISBURSE HOMEOWNER ASSISTANCE
FUNDS (HAF) GRANT AND FOR WILFULL
VIOLATIONS OF THE AUTOMATIC STAY - 1 -

Washington Law Group, PLLC
2319 N. 45th St, Ste 215A
Seattle, WA 98103
Tel# 206-686-6054
Fax# 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

Case 20-11939-TWD    Doc 81    Filed 07/13/23    Ent. 07/13/23 21:14:55    Pg. 1 of 5

American Rescue Plan Act of 2021. The U.S. Department of the Treasury has allocated funds to the State of Washington to be used to prevent mortgage delinquencies and defaults, foreclosures, and loss of utilities or internet/broadband services. In Washington, the funds will be offered as a grant and can be used to reinstate eligible qualified expenses such as for mortgage loans, homeowner's dues and homeowner's assessments.

2. In Washington, The Homeowner Assistance Fund (HAF) is administered by Washington State Housing Finance Commission (WSHFC).

3. The HAF assistance is offered as a grant that is paid directly to the servicer or other authorized party, not the Debtor or Debtors' estate.

4. Because HAF assistance is a grant, obtaining these funds will not result in additional monthly expenses for the Debtor. In other words, it is not a loan. See Declaration of Debtor.

5. WSHFC has requested that applicants with active Bankruptcy cases obtain leave of this Court before they may be fully approved for the HAF grant.

6. This court consented to the Debtor to apply for the HAF funds grant on October 19, 2022 (ECF# 79).

7. The Debtor obtaining funds through the HAF program would not cause harm to creditors.

8. Debtor has approval from HAF to pay the arrears of her mortgage, arrears of to the Northgate West Condominium Association (hereinafter "HOA"), and secured HOA special assessments and any fees that maybe be associated with her mortgage or HOA. Id.

9. Debtor is a below median income debtor, paying 0% to unsecured creditors, is currently in month 36 of her plan and current on her plan payments.

10. The HAF program will help the debtor get current on her mortgage and HOA dues and allow her bankruptcy case to close with a discharge.

11. The Debtor has had help obtaining the payoff figures from attorney Christina Latta-Henry who has been helping her navigate this pro-bono. *See* declaration of Christina Latta Henry.

12. Select Portfolio Servicing ("SPS") has provided a payoff figure of $14,425.03 to reinstate the mortgage to be current.

13. The HOA has provided a payoff figure for secured $35,676.49 HOA dues (including

DEBTOR'S MOTION FOR APPROVAL TO DISBURSE HOMEOWNER ASSISTANCE FUNDS (HAF) GRANT AND FOR WILFULL VIOLATIONS OF THE AUTOMATIC STAY - 2 -

Washington Law Group, PLLC
2319 N. 45th St, Ste 215A
Seattle, WA 98103
Tel# 206-686-6054
Fax# 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

Case 20-11939-TWD    Doc 81    Filed 07/13/23    Ent. 07/13/23 21:14:55    Pg. 2 of 5

attorney's fees and costs associated with arrears of $4,707.90 and payment to special assessments of up to $35,288.25 depending on HAF funds available to the debtor. Id.

14. Once this court approves Ms. Padiernos to enter into the HAF program the payoff figures will need to be updated by HAF underwriting. The SPS payoff has already been approved by underwriting and the HOA disbursement is currently in underwriting.

### I. PAYMENT TO THE HOA

Unsecured creditors are receiving $0 under the plan. ECF #34. After numerous attempts to receive a payoff figure from the HOA and HOA's counsel, The Northgate West Condominium Association has provided a confusing payoff amount asserting $42,429.33 of an unsecured claim, a secured amount of $35,676.49 in arrears, and a payoff of the special assessment of $35,288.25. *See* Declaration of Christina Henry. The HAF Funds will not pay off unsecured amounts. The secured payoff amount states it includes "attorney fees and costs (incurred and to be incurred upon payment in full) in the amount of $6,883.64. This payoff is good through 7.31.2023."

### A. Secured Amounts to the HOA

The HOA is only entitled to the secured amounts and the special assessment amount. Based on the HOA payoff letter it seems they are trying to collect on unsecured debts when the plan clearly states $0 will be paid. This is in clear violation of 11 U.S.C § 362(a)(5) and (6). The unsecured debt the HOA is referencing in their payoff letter is a debt incurred prior to the filing of this bankruptcy case. The HOA filed proof of claim #12 for this unsecured claim. The Debtor would like an order from the court making it clear HAF is only paying for the secured amount and the special assessment.

Further, the secured payoff amount is confusing and again in violation of .11 U.S.C. §§ 362(a)(5) and (6). The HOA filed proof of claim #11-2 claiming arrears of $4,707.90 with

DEBTOR'S MOTION FOR APPROVAL TO
DISBURSE HOMEOWNER ASSISTANCE
FUNDS (HAF) GRANT AND FOR WILFULL
VIOLATIONS OF THE AUTOMATIC STAY - 3 -

Washington Law Group, PLLC
2319 N. 45th St, Ste 215A
Seattle, WA 98103
Tel# 206-686-6054
Fax# 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

Case 20-11939-TWD    Doc 81    Filed 07/13/23    Ent. 07/13/23 21:14:55    Pg. 3 of 5

12% interest per annum. The HOA also filed post-petition fees for a total of $6467.50 (Notice of Post Petition Mortgage Fees, Expenses and Charges - $2795.00 filed on 1.11.2021 and $3672.50 filed on 11.15.2021). *See* declaration of Erin Lane. There is no bankruptcy court document filed that claims any right to $35,676.49 in secured claims. The attorney fees should only be $6467.50. The $6883.64 claimed in the HOA payoff letter has not been filed with the court in violation of FRBP 3002.1(c).[1] Additionally, claims in the payoff letter that the HOA will only accept payment *after* the discharge, and then at that time, will be willing to waive $17,507.80 in attorney's fees and costs associated with the secured claim. The payoff demand for $35,676.49 prior to any discharge is again in violation of 11 U.S.C §§ 362(a)(5) and (6). This case is ready to finish as the debtor has completed 36 months of payments and with the HAF funds grant she can complete her Chapter 13 Plan.

    Debtor has been trying to get an explanation for the secured payoff amount for months. *See* Declaration of Christina Henry. The Debtor would like an order from this court compelling the HOA to provide an explanation of the secured payoff amount with a clear payoff figure of the secured claim and special assessment provided within 7 days from entry of order and with invoices to support the amounts requested. Debtor also believes they should not have to pay any attorney fees to the HOA for trying to get this amount based on the Debtor's efforts for the past months and the lack of response from the HOA and for violation of the discharge injunction under 11 U.S.C. § 362(k). Id.

---

[1] FRBP 3002.1(c) NOTICE OF FEES, EXPENSES, AND CHARGES. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

| | |
|---|---|
| DEBTOR'S MOTION FOR APPROVAL TO DISBURSE HOMEOWNER ASSISTANCE FUNDS (HAF) GRANT AND FOR WILFULL VIOLATIONS OF THE AUTOMATIC STAY - 4 - | Washington Law Group, PLLC 2319 N. 45th St, Ste 215A Seattle, WA 98103 Tel# 206-686-6054 Fax# 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 |

## II. Payment to Select Portfolio Servicing

Debtor has no issue with the payoff figure to Select Portfolio Servicing. Upon entry of order from this court HAF will seek an updated payoff figure from Select Portfolio Servicing.

## III. Prayer for Relief

Wherefore, the Debtor requests that this Court give approval for disbursement of the Homeownership Assistance Funds (HAF) to SPS and the HOA and compel the HOA to provide an explanation of the secured payoff amounts demanded with clear payoff figures of the secured claim and special assessment with invoices within 7 days from entry of order and approve attorney's fees in an amount to be determined by separate order for violations of the automatic stay under 11 U.S.C. § 362(k).

Dated this 13th of July 2023

Presented by:

/s/Erin Lane_____
Erin Lane, WSBA 42504
Attorney for Debtor

DEBTOR'S MOTION FOR APPROVAL TO DISBURSE HOMEOWNER ASSISTANCE FUNDS (HAF) GRANT AND FOR WILFULL VIOLATIONS OF THE AUTOMATIC STAY - 5 -

Washington Law Group, PLLC
2319 N. 45th St, Ste 215A
Seattle, WA 98103
Tel# 206-686-6054
Fax# 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

Case 20-11939-TWD    Doc 81    Filed 07/13/23    Ent. 07/13/23 21:14:55    Pg. 5 of 5