Washington Law Group
Erin Lane WSBA 42504
Jessica MacGill WSBA 50206
2319 N 45th St Ste 215A
Seattle, WA 98103
P – 206.586.6054
F – 206.400.7919

Honorable Timothy Dore
Ch 13
Hearing Date
Hearing Time
Location: Seattle 8106
Response Date

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

EMILIE VILLA IGNACIO PADIERNOS,

    Debtor.

**CASE NO.: 20-11939**

OBJECTION TO NORTHGATE WEST CONDOMINIUM ASSOCIATION'S NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES, NOTICE OF SECURED DEBT PAYMENTS CHANGE FILED 6.15.2023.

COMES NOW the Debtor, Emilie Villa Ignacio Padiernos, by and through her attorney, Erin Lane, and objects to Northgate West Condominium Association's Notice of Post petition Mortgage Fees, Expenses and Charges ("Notice") filed on July 27, 2023. Additionally, the Notice of Mortgage Payment Change (Claim #11) June 15, 2023 by Law Office of Strichartz Aspaas PLLC. Debtor assigns the following reasons for said objection:

## FACTS

1. This bankruptcy was filed on July 21, 2020.

2. Debtor is a below median income debtor.

3. The plan was confirmed on October 8, 2020.

4. Northgate West Condominium Association (hereinafter HOA) filed their original proof of claim proof of claim #11 on September 20, 2020, and then amended #11-2 for secured claim of pre-petition arrears for $4,707.90 on December 6, 2021.

5. HOA filed an unsecured claim #12 on September 20, 2023, for $42,529.33.

OBJECTION TO NORTHGATE WEST CONDOMINIUM ASSOCIATION'S NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES, NOTICE OF SECURED DEBT PAYMENTS CHANGE FILED 6.15.2023. - 1

6. The confirmed plan pays the HOA $444.79 ongoing payments and $104.72 for pre-petition arrears with 12% interest.

7. The HOA filed the following Notices of Payment Change

| Notice Filed | Old Amount | New Amount | Effective Date Per Notice | Filed After Effective date |
|---|---|---|---|---|
| 1.6.2021 | $444.79 | $516.56 | 1.1.2021 | 5 days after effective date |
| 1.11.2021 | $516.56 | $960.24 | 4.1.2021 | Not Late |
| 2.28.2022 | $960.24 | $990.68 | 1.1.2022 | 58 days after effective date |
| 6.15.2023 | $990.68 | $1044.08 | 1.1.2023 | 165 days after effective date [Commented [CH1]: This may be wrong now] |

8. The claims filed on 1.6.2021, 2.28.2022 and 6.15.2023 automatically put the debtor in arrears because they were filed after the 21-day notice requirement of FRBP 3002.1(b)(2).

9. The reason for the large increase on the 1.11.2021 notice was a special assessment of $443.68 was added to the Debtor's on-going monthly.

10. HOA filed post-petition fees for a total of $6467.50. (Notice of post-petition Mortgage Fees, Expenses, and Charges - $2795.00 filed on January 11, 2021 and earned from 7.22.20 – 10.8.2020 (please note this was more than 180 days as required by 3002.1 (c))

OBJECTION TO NORTHGATE WEST CONDOMINIUM ASSOCIATION'S NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES, NOTICE OF SECURED DEBT PAYMENTS CHANGE FILED 6.15.2023. - 2

11. The second Notice of post-petition Mortgage Fees, Expenses, and Charges - filed on November 15, 2021, $3672.50 for fees earned from 5.6.21-11.1.21 was filed timely but without itemized fees, expenses or charges to support the fees.

12. Debtor filed a Motion to Approve for Approval to Disburse Homeowners Assistance Funds (HAF) Grant and for Willful Violations of the Automatic Stay and FRBP 3002.1 ECF #81 on July 14, 2023. (hereinafter HAF Motion). In the HAF Motion it is noted "The secured payoff amount states it includes "attorney fees and costs (incurred and to be incurred upon payment in full) in the amount of $6,883.64. This payoff is good through 7.31.2023." *See* Declaration of Christina Henry file in support of the HAF motion ECF 84.

13. In the Notice the Debtor is objecting to, it is believed the attorney fees are included in the HAF payoff and the attorney fees for filing the late Notice of Payment Change filed on 6.15.2023.

14. In the HAF motion debtor has asked the court to not include any attorney fees associated with trying to obtain the payoff from the HOA based on the Debtor's efforts trying to obtain a clear payoff figure. *Id*.

15. After the filing of the HAF motion and the issuance of several payoffs, the HOA filed its third Notice for postpetition fees in the amount of $6,863.07 for about 4.5 months worth of work, for a secured claim of about $4700, and the Debtor has no idea why these fees are charged.

**OBJECTION TO NOTICE OF SECURED DEBT PAYMENT CHANGE**

FRBP 3002.1(b) provides:

OBJECTION TO NORTHGATE WEST CONDOMINIUM ASSOCIATION'S NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES, NOTICE OF SECURED DEBT PAYMENTS CHANGE FILED 6.15.2023. - 3

(b) NOTICE OF PAYMENT CHANGES; OBJECTION. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.

(1) Notice. The hold of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change that results in the payment amount, including any change that results from an interest-rate or escrow-account adjustment, not later than 21 days before a payment in the new amount is due. If the claim arises from a home-equity line of credit, this requirement may be modified by court order.

Rule 3002.1(i) provides teeth to ensure creditor's compliance with Rule 3002.1. If the creditor fails to (1) file its notice of payment change within twenty-one days, Rule 3002.1(b), (2) file its notice of fees, costs or expenses, within twenty-one days, Rule 3002.1(c), or (3) respond to the final cure notice within twenty-one days, Rule 3002.2(1)(g), the court may either preclude the items from being introduced into evidence or award other relief, including awarding the debtor its reasonable attorney's fees caused by the creditor's failure, or both. Rule. 3002.1(i). Sanctions under Rule 3002.(i) are permissive in that the court "may" awarded them for a creditors violation of subdivisions (b), (c) or (g). *In re Alvarez* BAP No. NC-18-1104-BKuF pages 11-12.

Under FRBP 3002.1, Creditor should have filed a notice regarding the payment change for all Notices listed above at least 21 days prior to their effective dates. All Notices were filed after the effective dates ranging from about 5 days to 165 days late. Due to Creditor's failure to

OBJECTION TO NORTHGATE WEST CONDOMINIUM ASSOCIATION'S NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES, NOTICE OF SECURED DEBT PAYMENTS CHANGE FILED 6.15.2023. - 4

comply with the notice requirements of FRBP 3002.1, the Debtor has incurred additional fees. At this time, one notice of payment change filed on June 15, 2023 is within the one year requirement under Rule 3002.1(2)(e).Debtor respectfully requests that the Court rule that the new payments amount listed in the June 15, 2023 notice reduce the payments from January 1, 2023 until June 15, 2023 to the prior amount of $990.86 with the new payment of $1,044.08 starting on July 1, 2023. Additionally, since two other notices of payment change were not filed timely, Debtor requests that the court use its powers under Section 105 to waive the one year rule in 3002.1(2)(e) and reduce any attorney's fees or charges associated with those late filings.

This is not the first time this firm has filed late payment notices for their clients. They are well aware of FRBP 3002.1 but for some reason ignore it. An objection to late filed notices was heard before your honor on May 19, 2021, and order granted in Debtor's favor entered under ECF 71 in a different case: *In re Joseph Ferdinand Reed* Case No 16-11624. *See* Declaration of Erin Lane. There the court ruled in favor of the Debtor because essentially the late filed notices automatically put the debtor in arrears.

Under FRBP 3002.1(2) a party in interest who objects to the payment change may file a motion to determine whether the change is required to maintain payments in accordance with 1322(b)(5) of the Code. If no motion is filed by the day before the new amount is due, the change goes into effect, unless the court orders otherwise. Here the effective dates for all the Notices were retroactive so FRBP 3002.1(2) should not apply.

### **OBJECTION TO NOTICE OF POST PETITION FEES**

The Bankruptcy Court has a duty to determine the reasonableness of the HOA attorney fees. See 11 U.S.C 3002.1(c)-(e) and (i). Under applicable non-bankruptcy law, an

OBJECTION TO NORTHGATE WEST CONDOMINIUM ASSOCIATION'S NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES, NOTICE OF SECURED DEBT PAYMENTS CHANGE FILED 6.15.2023. - 5

association is only entitled to recover "any costs and **reasonable attorneys' fees** incurred in connection with the collection of delinquent assessments, whether or not such collection activities result in suit being commenced or prosecuted to judgment." RCW 64.34.364(14). The HOA has filed 3 notices that total $13,330.57, but they have submitted a payoff letter asking for a secured amount of $36,676.49 which includes "outstanding attorney's fees and costs and the attorney's fees and costs to complete other necessary work that must be taken to close our file after payment in full is received." *See* Declaration of Christina Henry. Again, the secured claim is only for $4707.90 so it is assumed the remaining amount ($36,676.49 - $4707.90) is attorney fees, which doesn't add up to what has been filed with the court. Also the debtor has yet to see an itemized billing of the attorney fees, and has no idea what the fees are for, or if they are reasonable.

      Here there is nothing reasonable for what has been charged in attorney fees for a secured claim with arrears of roughly $4700. Also, there is nothing reasonable about charging almost $7000 for providing a payoff. Additionally, the HOA has been asked numerous times, most recently by attorney Erin Lane (See Declaration of Erin Lane), to supply the invoices for the attorney's fees they are requesting, and they have yet to produce them. See Declaration of Christina Henry. Now the HOA is seeking almost $7000 of attorney fees for 4.5 months. How is this reasonable when the only activity in the case was a request to provide a readable payoff? All that was asked of the HOA was to provide how the fees in the payoff were incurred, yet they don't.

      Here the Homeowner's Association filed a proof of claim and consented to the terms of the debtor's confirmed plan. Under Section IV.C of the confirmed plan, the HOA agreed to

OBJECTION TO NORTHGATE WEST CONDOMINIUM ASSOCIATION'S NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES, NOTICE OF SECURED DEBT PAYMENTS CHANGE FILED 6.15.2023. - 6

accept the monthly payment amounts in its proof of claim and abide by notices of payment change under Rule 3001.2 unless otherwise provided in Section X. Under Rule 3001.2 (c) requires "the holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice **itemizing all fees, expenses, or charges** (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence" Here an itemization has not been produced. Listing just dates and fees is not an itemization of fees, expenses and charges.

The Debtor has been asking for months for an itemized billing of the attorney fees listed in their payoff for the HAF funds. The HOA has not produced it. The fees charged by the HOA for a proof of claim of roughly $4700 has gotten out of control. The HOA attorney should turn over their itemized billing statement so this court can determine the reasonableness of their fees, until then the attorney fees should not be allowed.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court finds in favor of the Debtor, and rule that the new payments amount listed in the June 15, 2023 notice reduce the payments from January 1, 2023 until June 15, 2023 to the prior amount of $990.86 with the new payment of $1,044.08 starting on July 1, 2023. Debtor respectfully request that the Court disallow any legal fees or costs sought by HOA in responding to this Objection as this Objection has been filed due to the Creditor's own failure to comply with FRBP 3002.1. The Court disallow any legal fees or costs sought by the HOA in providing a payoff, rectifying the payoff or responding to this Objection. Finally, the Debtor requests HOA pay Debtor's attorney reasonable expense and attorney's fees caused by their failure under FRBP 3002.1(i)(2).

OBJECTION TO NORTHGATE WEST CONDOMINIUM ASSOCIATION'S NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES, NOTICE OF SECURED DEBT PAYMENTS CHANGE FILED 6.15.2023. - 7

Debtor's attorney can submit a final time and cost sheet, a current one is attached to Declaration of Erin Lane.

Dated August 8, 2023

/s/Erin Lane
Erin Lane WSBA 42504

OBJECTION TO NORTHGATE WEST CONDOMINIUM ASSOCIATION'S NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES, NOTICE OF SECURED DEBT PAYMENTS CHANGE FILED 6.15.2023. - 8