| | |
|---|---|
| Erin Lane WSBA 42504 | Honorable Timothy Dore |
| Washington Law Group, PLLC | Chapter 13 |
| 2319 N 45th St Ste 215A | |
| Seattle, WA 98103 | |
| Tel. 206.686.6054 | |
| Fax 206.400.7919 | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No.** 20-11939 |
| Emilie Villa Ignacio Padiernos ) | |
| ) | **DEBTOR'S REPLY TO TRUSTEE'S** |
| ) | **RESPONSE ON DEBTOR'S** |
| **Debtor.** ) | **MOTION FOR APPROVAL TO** |
| ) | **DISBURSE HOMEOWNER** |
| ) | **ASSISTANCE FUNDS (HAF)** |
| _____ ) | **GRANT AND FOR WILLFUL** |
| | **VIOLATIONS OF THE AUTOMATIC** |
| | **STAY AND FRBP 3002.1** |

The Chapter 13 trustee's Response does not object to the Debtor receiving a Homeowner Assistance Fund ("HAF") grant nor does it demand that HAF proceeds should be turned over to the trustee for disbursement. ECF No. 85 at 2 lines 26-28. Inexplicably, the trustee concedes that the Debtor is acting within Housing Commission's guidelines but believes there are negative ramifications for not turning the funds over to the Trustee to administer. The Debtor also is granted the rights and powers of the trustee.[1] However, the Trustee fails to cite an authority that would compel a Washington state agency to turnover the funds to the trustee when doing so would be in violation of its state plan. The WSHFC has proof of all funds disbursed to lenders/servicers and thus there is no need for the trustee to be involved in the transfer of the

- 1 -- **MOTION**
Washington Law Group, PLLC
2319 N 45th St Ste 215A
Seattle, Washington 98103
Tel. 206.686.6054
Fax 206-400.7919

funds. In any event, HAF funds must be used for qualified expenses only, as outlined in the U.S. Department of the Treasury HAF guidance dated March 7, 2023. Exhibit A at p. 4-6. Funds to pay the trustee's commission (over and above the amount of arrears) are not listed as an allowable qualified expense. *Id.*

In any event, the trustee has not provided any local rule or provision of the form plan that supports his claim that payments made by third parties that are not attributable to the debtor's disposable income must be disbursed by the trustee. HAF funds are not part of the debtor's current monthly income or disposable income. Since funding for the HAF grants originates from Congress' enactment of the American Rescue Plan Act (ARPA) in March 2021[2], to provide financial assistance to homeowners who are behind on their housing related payments to the COVID-19 pandemic, there is no reason the bankruptcy court should treat these funds any differently than other COVID-19 related payments that Congress found excluded from § 1325(b)(2) and §101 (10A)B)(ii)(V)) in Sec. 1113 of the Coronavirus Aid, Relief and Economic Security Act (CARES Act). Although the bankruptcy provisions of the CARES Act expired on March 27, 2022, they were in effect when Congress created and funded the HAF program and there is more than abundant reason to conclude that it would be unreasonable to treat them differently from those COVID-19 era payments.

Under federal law, a trustee may only receive commissions for payments made to a trustee under the plan. 28 U.S.C. § 586(e)(2). While the trustee may disagree with how the HAF program is administered, that is not a reason to deny Chapter 13 debtors in Washington State access to these funds when Congress intended them to be used to alleviate financial distress

---

[1] *See* 11 U.S.C §1303

- 2 -- **MOTION**

Washington Law Group, PLLC
2319 N 45th St Ste 215A
Seattle, Washington 98103
Tel. 206.686.6054
Fax 206-400.7919

associated with mortgage arrears and other debt obligation. Despite the section of the Western District of Washington's form Chapter 13 Plan under section VIII that includes post-petition property and income as estate property, there is no explicit provision that requires Third party payments paid directly to secured creditors as property of the estate subject to trustee administration. *See* Local Bankruptcy Form 13-4, eff. 12/19. The only real impact of HAF funds paid directly to secured mortgage creditors is on that creditor's claim and whether it should be contested. Thus, there is no basis to support payment of a a trustee's commission on HAF proceeds.

The local rules contemplates deviations from the conduit plan under LCR 3015-1(j). Moreover, HAF grants are administered by the state and disbursements are easily verified allowing the Chapter 13 trustee to reconcile payments to the mortgage creditor and still perform any duties required at the end of the plan to issue a Notice of Final Cure Payment. In fact, since the reinstatement amounts given to the WSHFC do not reflect an accurate reinstatement in line with the record of payments made by the Chapter 13 trustee in compliance with the filed proof of claim and the confirmed Plan, the court's intervention and the Chapter 13 trustee's involvement are necessary to ensure the debtor's mortgage servicer does not obtain an unjustified windfall just because the trustee refuses to use the state's proof of payment records to reconcile the claim.

The debtor does not have a problem with amending their proposed order, but the Trustee's proposed order leaves out Northgate West Condominium. We need a clear payoff from Northgate West Condominium. See Declaration of Bruce Michael.

---

[2] *See* 15 U.S.C. §9058d

- 3 -- **MOTION**

Washington Law Group, PLLC
2319 N 45th St Ste 215A
Seattle, Washington 98103
Tel. 206.686.6054
Fax 206-400.7919

Dated August 8, 2023

/sErin Lane_____
Erin Lane WSBA 42504

## PROOF OF SERVICE

I declare under penalty of perjury I caused the above Reply, attached exhibits, Declaration of Bruce Michael and attached exhibits to be served on August 8, 2023 upon the following via ECF:

Jason Wilson-Aguilar Ch 13 Trustee
Honorable Timothy Dore
Jennifer Aspaas – Attorney for Northgate West Condominium Association
Lance Olsen – attorney for SPS Servicing
US Trustee

August 8, 2023

/s/Erin Lane_____
Erin Lane, WSBA 42504

- 4 - - **MOTION**

Washington Law Group, PLLC
2319 N 45th St Ste 215A
Seattle, Washington 98103
Tel. 206.686.6054
Fax 206-400.7919